# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MEREDITH SMITH, #R01710,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs.  ) | Case No. 3:20-cv-00427-SMY |
| ) | |
| **DEEL-HOUT,** ) | |
| **PENK,** ) | |
| **KELLY HARRIS,** ) | |
| **FELIX RODRIQUEZ, M.D.,** ) | |
| **HANNAH,** ) | |
| **CLARK,** ) | |
| **WEXFORD,** ) | |
| **WEXFORD INC., and** ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Meredith Smith, an inmate of the Illinois Department of Corrections filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Lawrence Correctional Center ("Lawrence"). He asserts claims under the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).[1]

---

[1] Plaintiff filed Complaints on the same day in this case and in *Smith v. Deel-Hout, et al.*, Case No. 20-cv-428-NJR. As the Complaints appeared to assert identical claims, Plaintiff was ordered to inform the Court whether he intended to file one or two cases. (Doc. 6). In response, Plaintiff advised the Court that he intended to file one case and asked

**The Complaint**

Plaintiff makes the following allegations in his Complaint: Plaintiff is disabled as a result of a traumatic brain injury and diagnoses of schizophrenia, bipolar depression, and PTSD. He has a serious mental illness that requires mental health care which he was denied at Lawrence in segregation on B wing cell L-18. His safety was ignored by multiple mental health staff members and officers. His mental injury with physical injury could have been prevented by getting him a crisis team to place him on crisis watch so he could not self-harm himself. His mental illness was getting the best of him in segregation and he was feeling unsafe in his cell.

Plaintiff was unjustifiably written a disciplinary report on November 6, 2018. He was found guilty by the Adjustment Committee on a sexual misconduct charge on November 11, 2018. That is when his emotional distress started.

Plaintiff informed mental health staff member Ms. Hout on December 12, 2018 that he needed a crisis team, but she just laughed and walked away. Thereafter, Officers Hannah and Clark refused to call a crisis team for him. He wrote to a mental health professional on December 16, 2018 requesting a crisis team because Officers Hannah and Clark had refused his request. He informed Hannah, Clark, and mental health staff member Ms. Harris that he needed a crisis team on December 17, 2018 because he felt suicidal and felt like cutting himself. They ignored his requests. He informed Hannah, Clark, and mental health staff member Penk that he needed a crisis team on December 18, 2018 because he felt suicidal, but he was ignored.

Plaintiff spoke to Ms. Hout on December 19, 2018 about his condition. He explained that

---

that the Complaints be consolidated. (Doc. 8). However, the Complaint in 20-cv-428 was docketed as an Amended Complaint in this case. (Doc. 9). Because Plaintiff's intent was that the documents be filed together to constitute a single Complaint, the Complaint (Doc. 1) and the Amended Complaint (Doc. 9) will be consolidated as a single "Complaint."

he was not feeling well and was having suicidal thoughts. Ms. Hout stated she would inform Ms. Harris and see the if he could be seen that day or the next day. Later that day, he saw Dr. Rodriquez and informed him he was having suicidal thoughts and wanted to harm himself. Dr. Rodriquez stated he would increase Plaintiff's medication and see him in three weeks. Dr. Rodriquez did not order crisis watch for Plaintiff.

Because the defendants did not take Plaintiff's suicidal tendencies seriously and ignored his pleas for help, he began cutting himself on his right and left thighs. He stuck a pen in each side of his thighs and hung himself with a piece of a sheet.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment claim against Deel-hout, Penk, Harris, Dr. Rodriguez, Hannah, and Clark for deliberate indifference to Plaintiff's risk of suicide and Wexford, Wexford Inc., and the Illinois Department of Corrections for the actions of their employees.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Preliminary Dismissals

Plaintiff names Wexford, Wexford Inc., and the Illinois Department of Corrections as defendants, alleging they are responsible for the actions of their employees. However, there is no respondent superior or "supervisor liability" under 42 U.S.C. § 1983, *see Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Accordingly, they will be dismissed.

**Discussion**

"Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to ensure that inmates receive adequate food, clothing, shelter, and medical care." *Sanville v. McCaughtry*, 266 F.3d 724 (7th Cir. 2001) (internal quotation marks and citation omitted). To state a claim for a constitutional violation on this basis, "the deprivation alleged must be, objectively, sufficiently serious" and "the mental state of the prison official must have been one of deliberate indifference to inmate health or safety." *Id.* "When a claim is based upon the failure to prevent harm, in order to satisfy the first element the plaintiff must show that the inmate was incarcerated under conditions posing a substantial risk of serious harm." *Id.* "Suicide is a serious harm." *Id.*; *see also Hall v. Ryan*, 957 F.2d 402, 406 (7th Cir.1992) (recognizing that prisoners have a constitutional right "to be protected from self-destructive tendencies," including suicide)

Plaintiff alleges that the conditions of his incarceration were such that there was a substantial risk he would commit suicide and that the defendants were deliberately indifferent to the risk. This is sufficient for the deliberate indifference claim to proceed against Deel-hout, Penk, Harris, Dr. Rodriguez, Hannah, and Clark.

**Official capacity claims**

Plaintiff asserts claims against each defendant in his or her individual and official capacities but seeks only monetary damages. When a plaintiff seeks monetary damages against a state official, he must bring the suit against them in his or her individual capacity only. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). This is so because a lawsuit for money damages against a defendant in his or her official capacity is really a suit for money damages against the state and is barred by the Eleventh Amendment. *Id.*

Therefore, Plaintiff's claims against the defendants in their official capacities are dismissed without prejudice.

## Motion for Recruitment of Counsel

Plaintiff seeks reconsideration of the Order denying his motion for recruitment of counsel. (Doc. 12). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Id.* at 654-655.

Plaintiff previously demonstrated reasonable efforts to locate counsel on his own. In his motion to reconsider, Plaintiff states he has been diagnosed with a traumatic brain injury and numerous mental illnesses. He also indicates that he had assistance from another inmate with filing this case. While Plaintiff has identified issues that may impair his ability to pursue this action *pro se* at some point in this case, the Court does not find recruitment of counsel is warranted at this time. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). Accordingly, the motion will be denied. Once the defendants have filed responsive pleadings and a scheduling order has been entered, Plaintiff may renew his request for counsel if he experiences difficulties in conducting discovery on his own.

## Disposition

The Clerk of Court is **DIRECTED** to take the action necessary to combine the Complaint (Doc. 1) and the Amended Complaint (Doc. 9) into a single "Complaint."

Plaintiff's Motion for Reconsideration (Doc. 12) is **DENIED**.

The Complaint survives preliminary review under 28 U.S.C. § 1915A as follows: Count 1 will proceed on an Eighth Amendment deliberate indifference claim against Deel-hout, Penk, Kelly Harris, Felix Rodriguez MD, Hannah, and Clark, in their individual capacities. The following claims and Defendants are dismissed: the official capacity claims against Deel-hout, Penk, Kelly Harris, Felix Rodriguez MD, Hannah, and Clark; and Wexford, Wexford Inc., and Illinois Department of Corrections are dismissed without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

The Clerk shall prepare for Deel-hout, Penk, Kelly Harris, Felix Rodriquez MD, Hannah, and Clark: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to

Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

 **IT IS SO ORDERED.**

 **DATED:  January 26, 2021**

             *s/ Staci M. Yandle*
             **STACI M. YANDLE**
             **United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.